IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| S.R., | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-2001-M-BK |
| | § | |
| WILLIAM BARR, ET AL., | § | |
|     RESPONDENTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

**I. BACKGROUND**

On July 28, 2020, Petitioner, an alien detainee at the Prairieland Detention Center, filed an *Emergency Motion for Temporary Restraining Order and Temporary Release . . . [and] Requiring Custody Re-Determination of Individuals with Risk Factors for COVID-19*. He requests "immediate temporary release" or "humanitarian parole" due to the coronavirus

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES (providing that the § 2254 rules also apply to habeas petitions not covered under § 2254); and Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

pandemic. Doc. 3 at 2-3. Petitioner avers that he is over 50 years of age and suffers from high blood pressure, for which he takes medication and follows a restricted diet. Doc. 3 at 3. He asserts that (1) social distancing and hygiene measures are exceedingly difficult to maintain while confined, and (2) his detention exposes him to substantial risk of illness and death because of his pre-existing, chronic medical condition. Doc. 3 at 3-4, 6-7.

Upon review, the Court finds that Petitioner's petition for writ of habeas corpus should be dismissed for want of jurisdiction.[2]

## II.  ANALYSIS

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established, however, that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and that civil-rights actions are typically used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). *See also Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

Thus, where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing general

---

[2] Although Petitioner did not submit a motion to proceed *in forma pauperis* or pay the filing fee, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) (noting the proper remedy for unconstitutional conditions of confinement should be equitable—to correct the unlawful practices that make the conditions intolerable).

Based on the foregoing precedent, this Court has recently found no jurisdiction to consider claims stemming from conditions of confinement due to the COVID-19 pandemic in the habeas context. *See Cureno Hernandez v. Mora*, No. 1:20-CV-104-H, ___ F. Supp. 3d ___, 2020 WL 3246753, at *5-6 (N.D. Tex. June 15, 2020) (Hendrix, J.) (dismissing habeas corpus petition by immigration detainee for want of jurisdiction); *Umarbaev v. Moore*, No. 3:20-CV-1279-B, 2020 WL 3051448, at *3-5 (N.D. Tex. June 6, 2020) (Boyle, J.) (same and identifying circuit split); *Ambriz v. United States*, No. 4:20-CV-00568-P, ___ F. Supp. 3d ___, 2020 WL 3066861, at *1 (N.D. Tex. Jun. 5, 2020) (Pittman, J.) (same as to habeas petition by federal prisoner); *Sanchez v. Brown*, No. 3:20-CV-832-E, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) (Brown, J.) (same for Dallas County detainees' habeas petition); *Provines v. Wilson*, No. 4:20-CV-00475-O, 2020 WL 2762563 (N.D. Tex. May 20, 2020) (O'Connor, J.) (same for federal prisoner's habeas petition).

Here, Petitioner's conditions-of-confinement claims premised on the COVID-19 pandemic are unrelated to the cause or duration of his detention. Indeed, his allegations, even if true, would not necessarily entitle him to earlier or speedier release. Thus, Petitioner's complaints are more appropriately addressed in a civil-rights action. *See Cureno Hernandez,* 2020 WL 3246753, at *5. As such, the Court concludes that it lacks subject matter jurisdiction over Petitioner's habeas petition as it challenges only the conditions of his confinement.

### III. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on August 5, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).